IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RICO LAMAR BALLARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-138 (MTT) |
| | ) |
| **WARDEN JOSE MORALES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

Pursuant to 28 U.S.C. § 1915(A), United States Magistrate Judge Charles Weigle has conducted a screening of Plaintiff Rico Ballard's complaint and recommends that Ballard's complaint be dismissed without prejudice. Doc. 9. Regarding Ballard's claim for immediate release from state custody, the Magistrate Judge recommends that Ballard's claim be denied because release from state custody cannot be obtained through a 42 U.S.C. § 1983 action. *Id*. at 8-11 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). To the extent that Ballard seeks monetary damages concerning his claims for immediate release, the Magistrate Judge recommends that those claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Id*. Ballard has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Ballard objects.[1]

---

[1] Ballard moved for an extension of time to file objections, but because Ballard's objections have been filed, Ballard's motion for an extension (Doc. 12) is **DENIED AS MOOT**.

Ballard makes several arguments in his objection, but none address the three key issues outlined in the Magistrate Judge's Recommendation: (1) the relief Ballard seeks—immediate release from prison—is inappropriately sought under a 42 U.S.C. § 1983 action, (2) Ballard's claims for damages concerning his release are barred by *Heck*, and (3) Ballard's "allegations that the defendants are involved in an elaborate plot to steal his money, property, and identity" are "completely conclusory with no factual allegations to support them[.]" *Id*.  Therefore, after review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 9) is **ADOPTED** and made the Order of the Court.  Accordingly, Ballard's complaint (Doc. 1) is **DISMISSED** without prejudice.[2]

After the Magistrate Judge issued his Recommendation, Ballard moved to amend his complaint.[3]  Doc. 11.  Ballard informed the Court that the only amendment he intends to make is the addition of prison officials as defendants who Ballard alleges took part in the scheme to falsely imprison him.  *Id*.  In fact, Ballard says that he is requesting

---

[2] Ballard has filed five separate motions germane to his request for immediate release from prison.  On May 26, 2021, Ballard moved to "amend documents for false imprisonment."  Doc. 7.  In this motion, Ballard seeks to "amend[]" court documents related to his false imprisonment claims.  *Id*.  On June 21, Ballard moved for a preliminary injunction, which, liberally construed, seeks the same relief addressed in the Recommendation—Ballard's immediate release from prison.  Doc. 13.  On June 28, Ballard filed a "Request for Prisoner Release Order," which Ballard asks the Court to consider in conjunction with his June 21 motion for preliminary injunction.  Doc. 15.  On August 10, Ballard moved to amend the Georgia Department of Corrections Standard Operating Policy, an additional motion Ballard asks the Court to consider in conjunction with his motion for a preliminary injunction.  Doc. 20.  Finally, on August 29, Ballard moved for a temporary restraining order while this case and the remaining cases before the Court are pending.  Doc. 27.  Because the Court determined that the relief Ballard seeks is unattainable through a 42 U.S.C. § 1983 action, Ballard's motions (Docs. 7; 13; 15; 20; 27) are **DENIED.**

[3] A plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a plaintiff may amend only with the opposing party's consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Here, Ballard had not served his complaint or received a responsive pleading when he filed his proposed amended complaint, so it was not an amendment as a matter of course.  *See Stephens v. Atlanta Indep. Sch. Sys.*, 2013 WL 6148099 (N.D. Ga. Nov. 22, 2013); *Jamison v. Long*, 2021 WL 2936132 (M.D. Ga. June 13, 2021).

-3-

"the same relief as listed in the original complaint from each of [the] amended defendants." *Id*. at 4. Given that admission and the Magistrate Judge's Recommendation concerning Ballard's desired relief, which the Court adopts, the Court sees no justification in allowing an amended complaint that is clearly futile. Accordingly, Ballard's motion for leave to amend (Doc. 11) is **DENIED.**

    **SO ORDERED**, this 1st day of October, 2021.

                                                    S/ Marc T. Treadwell
                                                    MARC T. TREADWELL, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT