IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICO LAMAR BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-138 (MTT) |
| | ) |
| WARDEN JOSE MORALES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTIONS FOR RECONSIDERATION AND FOR LEAVE TO APPEAL IN FORMA PAUPERIS

Plaintiff Rico Lamar Ballard has moved for the Court to reconsider its order dismissing his complaint and for leave to appeal *in forma pauperis*. Doc. 32; Doc. 37. For the following reasons, Ballard's motions are **DENIED**.

## MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It is appropriate "only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997) (enumeration added). "In order to

demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *Id.* at 1223.  Here, Ballard has raised no change in the law, newly discovered evidence, or clear error in the Court's previous order.[1] Ballard has not met the standard for reconsideration.

Accordingly, his motion for reconsideration (Doc. 32) is **DENIED**.

**MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.

---

[1] Ballard does expand upon his conclusory allegations that "the defendants are involved in an elaborate plot to steal his money, property, and identity."  Doc. 32 at 16. He describes the circumstances of the alleged theft in greater detail and claims he could prove the veracity of his allegations through discovery.  *Id*.  This expansion does not warrant reconsideration.  As the Magistrate Judge explained in his recommendation, even if Ballard has suffered loss of money or property in the manner he claims, the appropriate avenue for relief would be a state remedy via O.C.G.A. §§ 51-10-1 through 51-10-6.  Doc. 9 at 10-11.

(2) . . . If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Ballard's Prisoner Trust Fund Account Statement demonstrates that he is unable to pay the $505 filing fee. Doc. 38.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Ballard's issues upon appeal consist of an issue that went unaddressed in the both the Magistrate Judge's report and the order denying his complaint (that the Court "erroneously believed that Plaintiff failed to serve Defendants") and conclusory statements with no legal basis. Doc. 37 at 1. Ballard raises no issues with arguable merit. The appeal, therefore, is not brought in good faith.

Consequently, Ballard's motion for leave to appeal *in forma pauperis* (Doc. 37) is **DENIED**.

If Ballard wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Ballard has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Ballard is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Ballard's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Ballard is incarcerated.

**SO ORDERED**, this 7th day of December, 2021.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, CHIEF JUDGE
> UNITED STATES DISTRICT COURT